IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARSENIO R. AKINS,

    Plaintiff,

v.

WARDEN DITTMAN, et al.

    Defendants.

ORDER

Case No.  15-cv-118-bbc

---

    Plaintiff Arsenio R. Akins, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983.  Plaintiff has also filed a motion for leave to proceed without prepaying the fee and a certified copy of his inmate trust fund account statement.  A decision regarding plaintiff's indigency status cannot be determined at this time because the trust fund account statement submitted does not contain any deposit information or the average monthly balance in his account.

    The trust fund account statement that plaintiff submitted with his complaint only provides the beginning balance on January 2014 and the ending balance on January 2015.  This information is insufficient to calculate his initial partial filing fee.  Instead, plaintiff's trust fund account statement must contain either all of the deposits made to his account in the six month period before the filing of the complaint or the average monthly deposits made to his account during that period.  The trust fund account statement must also contain the average monthly balance in plaintiff's account for the same six-month period.  Once plaintiff has submitted the necessary statement, I will calculate the initial partial payment and advise plaintiff of the amount due before the court can screen the merits of the complaint under § 1915(e)(2).

1

Along with the complaint, plaintiff has also filed a motion to use his release account funds to pay for the cost of copies and postage for litigating this case. The language of 28 U.S.C. § 1915(b)(1) requires prison officials to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of such initial partial payments, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account. Because plaintiff cannot use release account funds in the manner requested, I will deny this motion.

ORDER

IT IS ORDERED that

1. Plaintiff Arsenio R. Akins may have until March 20, 2015, to submit a trust fund account statement that contains all of the deposits, or the average monthly deposits made to his account, as well as the average monthly balance in his account for the period beginning approximately August 9, 2014 and ending approximately February 9, 2015. If, by March 20, 2015, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

2. Plaintiff's motion to use his release account to pay his copy and postage costs, dkt. #3, is DENIED.

Entered this 2nd day of March, 2015.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge