IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARSENIO R. AKINS,

                                                     ORDER

                Plaintiff,

                                     15-cv-118-bbc

        v.

RN DEGAGER, DR. MAIER PSYCHOLOGIST,
SERGEANT KRASOVIC,
CORRECTIONS OFFICER RIBBKE and
CORRECTIONS OFFICER MAIER DYLAN S.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Arsenio Akins has filed a motion for reconsideration of Magistrate Judge Peter Oppeneer's March 2, 2015 order denying plaintiff's motion for use of release account funds to pay the costs of postage and copies for litigating this case.  I will deny plaintiff's motion for the reasons stated in the magistrate judge's order.

As the magistrate judge explained in his March 2 order, the language of 28 U.S.C. § 1915(b)(1) requires prison officials to use a prisoner's release account to satisfy an initial partial payment if no other funds are available.  Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).  With the exception of such initial partial payments, this court does not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from a release account.

In his motion, plaintiff alternatively seeks leave to file an interlocutory appeal of the

1

March 2 order.  Plaintiff's request will be denied.  First, plaintiff is attempting to appeal a magistrate judge's decision on a non-dispositive pretrial motion.   Under 28 U.S.C. § 636(b)(1)(A), plaintiff is free to ask the district judge to reconsider this decision, but he may not appeal the decision directly to the court of appeals.  Egan v. Freedom Bank, 659 F.3d 639, 644 (7th Cir. 2011).  Second, even now that I have denied plaintiff's motion for reconsideration of the magistrate judge's order, I would deny plaintiff's request for leave to file an interlocutory appeal.  Under 28 U.S.C. § 1292, both the district court and the court of appeals must give permission for the interlocutory appeal.  In re Text Messaging Antitrust Litigation, 630 F.3d 622, 624 (7th Cir. 2010).  Under § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

In this case, there is no substantial ground for a difference of opinion on the question whether plaintiff is entitled to use his release account to pay postage and copy costs. Moreover, an immediate appeal would not materially advance the ultimate termination of this litigation, but would serve only to delay it.  Accordingly, plaintiff's request to certify an interlocutory appeal will be denied.


ORDER

IT IS ORDERED that

1.  Plaintiff Arsenio Akins's motion for reconsideration, dkt. #8, is DENIED.

2

2.  Plaintiff's motion for the court, asking the court to certify that an interlocutory appeal may be taken from the March 2, 2015 order in this case, dkt. #8, is DENIED.

Entered this 18th day of May, 2015.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge