IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARSENIO R. AKINS,

                                                                             OPINION AND ORDER

                 Plaintiff,

                                                                        15-cv-118-bbc

     v.

RN DEGAGER, DR. MAIER, SERGEANT KRASOVIC,
CORRECTIONS OFFICER RIBBKE and
CORRECTIONS OFFICER DYLAN MAIER,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se prisoner Arsenio R. Akins is proceeding under 42 U.S.C. § 1983 on four claims: (1) defendant Dr. Maier was deliberately indifferent to plaintiff's serious medical needs when he abruptly stopped plaintiff's psychological medicine, which caused plaintiff to go into withdrawal; (2) defendant Dr. Maier negligently caused plaintiff harm by abruptly stopping the medicine; (3) defendants Sergeant Krasovic and Corrections Officer Ribbke were deliberately indifferent to plaintiff's serious medical needs when they delayed his medical care for the withdrawal symptoms; and (4) defendants Krasovic and Ribbke retaliated against plaintiff for filing grievances against them. Dkt. #9. In the order screening plaintiff's complaint, I gave him an opportunity to amend his complaint and explain his allegations against defendant RN Degager for failing to provide him proper medical care following his ingestion of the wrong medicine, his allegations about not

1

receiving his medicine and whether he had filed a notice of claim letter for negligence claims against defendants Krasovic, Ribbke and Corrections Officer Dylan Maier. Id. Plaintiff has filed two nearly identical proposed amended complaints, which I must screen under 28 U.S.C. § 1915. Dkt. ##14, 17.

It appears that plaintiff the two proposed amended complaints because he was concerned that his mail was not being sent out of the prison. Dkt. #18. He asks for the court's assistance because he says that he could not confirm that his amended complaint was sent out. He need not be concerned; the court has received both of plaintiff's amended complaints. Dkt. ##14, 17. Plaintiff also says that he believes that prison officials will not discuss his mail with him because they wish to retaliate against him for filing this lawsuit.

If he wants the court to intervene, his request must be denied. Unless the prison's actions cause a direct interference with his ability to prosecute *this* lawsuit, the court will not intervene. Otherwise, plaintiff must file a separate lawsuit on the matter. Because plaintiff has not identified any problem that requires the court's assistance, his motion must be denied.

With respect to the content of plaintiff's proposed amended complaints, they suffer from the same problems. First, plaintiff still does not allege that he filed a notice of claim letter. Second, it is now clear that the plaintiff's other allegations would involve claims that cannot be raised in this lawsuit. This is because the civil rules do not allow a plaintiff to assert claims against different defendants in the same case unless the claims against them are related. Fed. R. Civ. P. 18 and 20. For instance, a plaintiff could assert claims against

different defendants if one put the plaintiff in segregation illegally and a second defendant refused to correct the problem. Accordingly, I am disregarding plaintiff's amended complaints. Plaintiff can go forward on only his Eighth Amendment and retaliation claims against defendants Krasovic and Ribbke and his Eighth Amendment and negligence claims against Dr. Maier. Owens v. Hinsley, 635 F.3d 950, 956 (7th Cir. 2011) ("We have held that leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate.").

Finally, in both of his proposed amended complaints, plaintiff seeks a preliminary injunction requiring the Columbia Correctional Institution to use only licensed nurses for the distribution of medicine. Because plaintiff is not proceeding on a claim related to this matter, his motion must be denied.

OPINION

Plaintiff has been granted leave to proceed on four claims arising from three problems. First, plaintiff contends that defendant Dr. Maier was negligent and deliberately indifferent because on June 24, 2014, he stopped plaintiff's paroxetine prescription (used to treat plaintiff's psychological problems), without tapering plaintiff off of the medicine and before plaintiff began receiving his new psychological medicine. In turn, plaintiff suffered from various withdrawal symptoms. Second, during the time he was suffering from those symptoms, plaintiff says he asked to receive medical attention from defendants Ribbke and Krasovic (correctional officers). Plaintiff contends that defendants Ribbke and Krasovic

3

violated his rights under the Eighth Amendment because defendant Ribbke ignored plaintiff's requests and defendant Krasovic called health services but gave the unit false information when he told the nurse that plaintiff had been in recreation. Believing that plaintiff's symptoms were the result of dehydration, health services did not call plaintiff for treatment until after a long delay. Third, defendant Krasovic gave plaintiff a false conduct report and defendant Ribbke conducted a cell search and damaged plaintiff's property in retaliation for plaintiff's filing grievances against them.

In his amended complaints, plaintiff raises additional claims. Generally, he wishes to "challenge[] the delivery of health services to inmates at (CCI) (by which I assume plaintiff means the Columbia Correctional Institution) on a systemic institution level and state[]wide level concerning the continued use of correctional officers to distribute medication . . . . " Plt.'s amended cpts., dkt. #14, at 2, dkt. #17, at 1. In particular, plaintiff alleges that he received another prisoner's medicine (whose last name is one letter off from plaintiff's) from defendants Gerry and Dylan Maier (correctional officers distributing medicine to prisoners in the pill line). The first time, plaintiff took the medicine and suffered dizziness and other symptoms as a result; the second time, plaintiff noticed it was the wrong medicine and returned it to defendant Gerry. Plaintiff gave his name and showed his ID both times he received the wrong pills. Plaintiff also alleges that two times health services did not administer his diphenhydramine, which he takes for sleep regulation. He says that the reason he did not receive this medicine is that "a[n] RN had forgot to bring [his] medication back," dkt. #14, at 4, but plaintiff seeks to proceed against a John Doe

defendant because he does not know who the RN was.  Dkt. #16.

Plaintiff cannot proceed on these claims in this lawsuit.  Under Fed. R. Civ. P. 18 and 20, plaintiff may join only those claims that involve the same set of facts or occurrences or that are set forth against the same defendant.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . . ").  In this case, plaintiff has been granted leave to proceed on the claims that his doctor caused him to suffer from withdrawal and that correctional officers caused his medical treatment for the withdrawal to be delayed.  Because both of those claims have to do with a particular time in which plaintiff was allegedly taken off his medicine too quickly and then did not receive necessary medical attention in a timely manner, they involve the same set of occurrences and may be brought in the same lawsuit.  Further, plaintiff can also proceed on his retaliation claim because it is raised against the same defendants.  However, plaintiff's claims about receiving the wrong medicine and failing to receive other medicine do not involve the same defendants or the same set of facts.

Plaintiff attempts to connect these claims by asserting that they all have to do with pill dispensing and ordering.  However, plaintiff acknowledges that these are different procedures that involve different professionals (correctional officers and medical professionals, respectively), so they would not involve the same defendants or sets of facts.  Further, the policy that plaintiff says is at issue for all of these claims is that correctional officers hand out the medicine to prisoners, a job plaintiff says should be reserved for licensed nurses.  A change in that policy would have to do with only one set of plaintiff's

5

claims: those related to receiving the wrong medicine as dispensed by correctional officers. Plaintiff's withdrawal was the result of his doctor's decision and his failure to receive his sleep medicine was the result of a nurse's actions, neither of which would be changed by changing the classification of personswho hand the medicine to plaintiff.

Accordingly, plaintiff will not be granted leave to proceed in this lawsuit on his claims that he received the wrong medicine and failed to receive his sleep medicine. Because he will not be proceeding on these claims, his motion for a preliminary injunction that would require his prison to use licensed nurses to dispense pills must be denied. This also means that plaintiff has not stated a claim upon which relief may be granted against defendants RN Degager and Correctional Officer Dylan Maier, so his complaint will be dismissed as to those defendants.

If plaintiff wishes to pursue his wrong medicine and sleep medicine claims, he will have to file a new lawsuit or lawsuits, for which he will have to pay the filing fee, or an initial partial payment of the filing fee, if he proceeds in forma pauperis. Further, plaintiff did not allege that he filed the necessary notice of claim letter under Wis. Stat. § 893.80(1d)(a) against defendants Ribbke and Krasovic, so he will not be granted leave to proceed on state law negligence claims against them. This means that plaintiff's claims have not changed as a result of his proposed amended complaints, so I am disregarding the amended complaints. The operative pleading will remain plaintiff's original complaint at docket no. 1.

ORDER

IT IS ORDERED that

1. Plaintiff Arsenio R. Akins's proposed amended complaints, dkt. ##14, 17, are disregarded. The operative pleading remains plaintiff's original complaint, dkt. #1. Plaintiff is proceeding on the following claims only:

>   (1) Defendant Dr. Maier was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment when he halted the administration of plaintiff's medicine abruptly;
>
>   (2) Defendant Dr. Maier breached his duty of care under negligence law when he halted the administration of plaintiff's medicine abruptly;
>
>   (3) Defendants Sergeant Krasovic and Correctional Officer Ribbke were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment when they ignored or delayed plaintiff's requests for medical assistance for his withdrawal symptoms;
>
>   (4) Defendants Krasovic and Ribbke retaliated against plaintiff for filing grievances against them when they refused to assist him in obtaining medical assistance, filed a false conduct report against him and destroyed his property while searching his cell.

2. Plaintiff's complaint is DISMISSED as to defendants RN Degager and Correctional Officer Dylan Maier.

3. Plaintiff's motions for a preliminary injunction, dkt. ##14, 17, are DENIED.

4. Plaintiff's request related to mail, dkt. #18, is DENIED.

Entered this 23d day of June, 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge