IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARSENIO R. AKINS,

   Plaintiff,

v.            Case No. 15-CV-118-bbc

WARDEN DITMAN, et al.,

   Defendants.

---

## MOTION FOR RECRUITMENT OF COUNSEL

 NOW COMES plaintiff, Arsenio R. Akins, pro se and with the limited assistance of another inmate, to move this cour to aid him in the recruitment of counsel. As detailed below, plaintiff is not competent to litigate this case on his own and has shown this throughout the duration of this case, and accordingly this court should aid him in the recruitment of counsel.

### FACTUAL BACKGROUND

 The plaintiff, a learning disability-challenged incarcerated person, commenced this action against multiple state actors including a medical professional, for the deprivation of his constitutional rights when they were deliberately indifferent to his serious medical needs and subsequently retaliated against him, in violation of his Eighth and First Amendment rights, respectively.

 In his inartfully pleaded complaint, which was <u>only</u> possible with the assistance of another inmate, plaintiff blandly indicated the "need to have the court to appoint counsel or have counsel represent [him] in this case, for [he was] unable to represent [him]self." He briefly indicated he had another inmate do the work that had been done and the inmate was unwillling to hcontinue helping the plaintiff. Plaintiff also stated he had a diagnosed learning disability.

 The court acknowledged these things, but denied his request for the assistance he sought in the recruitment of counsel, citing the preliminary stage of the case, lack of an identified complexity of the case or plaintiff's skills in litigating. The court relied on the inartful, defective and improper complaint that had been written by <u>another inmate</u> in qualifying the plaintiff's pleadings as logical and coherent. These were not the plaintiff's pleadings, but were the perception of another inmates and his determination of what should be plead.

 a. <u>Plaintiff's Claims Are More Complex Than He Is Capable Of Litigating</u>

 This court has acknowledged that the plaintiff has used the assistance of other inmates in his efforts to litigate this case from the very beginning when his inmate complaints were filed. When he filed the amended complaints as instructed by the court, he merely copied the original complaint, failing to cure the mistakes that were identified by this court. He failed to take the simple step of providing the court with a copy of his notice of claim, as instructed.

- 1 -

The claim of deliberate indifference is a difficult one to prove, as it requires to prove the defendants' state of mind and a deliberate disregard for his safety. Further, he claims medical malpractice and negligence. Both of those claims are equally difficult to prove, and for a plaintiff such as Mr. Akins, nearly impossible given his intellectual difficulties as well as his inexperience and lack of resources. The complaint that is operative at this point is still defective and he is not able to proceed on viable meritorious claims because he has failed to cure the complaint of defects.

In previous rulings on prior motions for the court's assistance in the recruitment of counsel this court relied on the actual competency of other inmates, not the plaintiff, in determining the plaintiff's ability and competency to litigate the case. This is not proper, as it failed to actualize the plaintiff's real ability and competence to litigate his claims. "[T]he fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel. Henderson v. Ghosh, 2014 U.S. App. LEXIS 11816, * 14 (7th Cir.). Using this standard, this court can not rely on any of the plaintiff's filings in this case, as he has used the assistance of other inmates, as he plead in his complaint and subsequent motions for assistance in the recruitment of counsel.

The deliberate indifference, medical malpractice and negligence claims are factually and legally complex, necessitating the recruitment of counsel. Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010)('cases involving complex medical evidence are typically more difficult for pro se litigants.'); see also Olson v. Morgan, 750 F.3d 708, 2014 WL 1687802, *3 (7th Cir. 2015) (acknowledging that "some state-of-mind issues may involve subtle questions too complex for pro se litigants.").

The plaintiff has been served with a motion for summary judgment by the defendants. He has no understanding of the complex rules of responding to the motion to dismiss his case and barring some currently unavailable assistance from an inmate/jailhouse lawyer, he will be unable to file a proper response and will likely lose his case. Should this court fail to grant this motion, the plaintiff will have been placed in a Catch-22, as the assistance of counsel is vital to surviving this motion to dismiss. While this court has typically used the survival of a dispositive motion as a qualifier of the recruitment of counsel, it is inappropriate in this case, as this plaintiff is intellectually incapable of surviving the motion without counsel's assistance. This has been decided in Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and should be used as grounds alone for the grenting of this motion, if for no other reasons.

The plaintiff has been unable to conduct discovery in this case, which has presented another problem. He simply does not understand the burden of proof that is required for any of the claims, and as such he has no idea of what documents to obtain, let alone how to obtain them. This writer has tried to help the plaintiff, but has been unable after the initial discovery request that was made to obtain exhaustion discovery documents. The element of state of mind is a difficult and subtle question, too complex for pro se plaintiffs to understand and present to a jury, and thus counsel is clearly appropriate. Swofford v. Mandrell, 969 F.2d 547, 552 (7th Cir. 1992). With- an understanding of the elements he must prove, he has been unable to conduct a course of discovery, another factor warranting the recruitment of counsel. (..."[T]he prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics [and that] ... these [discover] rules prevented [the Plaintiff] from presenting an effective case...")(Parham v. Johnson, 126 F.3d 454, 459 (3rd Cir. 1999)).

Furthermore, given the complexity of the claims, the plaintiff's demonstrated inability to procure documents to establish and prove his claims, and the plaintiff's inability to personally and competently submit coherent and approrpiate filings in this case, the recruitment of counsel for the plaintiff is approrpiate at this time, particularly so when faced with the defendants' motion to dismiss.

b. Plaintiff Has Unsuccessfully Attempted To Obtain Counsel On His Own.

Previously the plaintiff filed a motion for the court's assistance in the recruitment of counsel and in that July 2015 motion, he demonstrated to the court that he had satisfied the court's requirement that he contact at least three attorneys. Since then he wrote to several more, but has not been able to obtain counsel. Further, given his limited abilities, it is unlikely that he would ever be able to obtain counsel. See Cf. McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1998)(taking notice "that most indigent incarcerated prisoners do not in fact have the resources, knowledge and experience needed to find a counsel willing to represent them without charge (or at least the hope of a contingent paytment in some cases)").

c. Plaintiff's Mental Capacity Significantly Impedes His Ability To Litigate.

The plaintiff suffers from Adjustment disorder with disturbance of mood/depression/anxiety and ADHD. Further, he has a reading score of only the equivalent of an eighth grade student. Was was taking Adderall® and a sleeping medication (Diphenhydramine), but has been retaliated against by defendant Ribbke, which resulted in the discontinuation of plaintiff's Adderall®. The plaintiff already suffered from symptoms such as difficulty in focusing, confusion, dizziness, memory loss and others, but now without his medication he has been unable to focus at all, cannot sleep, suffers from racing and rapid thoughts and cannot read without the medication. He reads a sentence and immediately forgets what he read or is confused about it. Defendant Ribbke falsely accused plaintiff of cheeking, or saving, his medication in an effort to inhibit plaintiff's ability to litigate this case. Because of this false accusation plaintiff was placed in a lock-up status until the allegations were provent to be false, but he has not yet been able to resume his meds.

d. Plaintiff's Attempts To Obtain Help From Other Inmates Is Frustrated.

Plaintiff has received help from multiple inmates, Ryon Reese, Willie Davis and Jeffrey M. Davis, Jr., but has been unable to obtain any sort of regular assistance. As of late, Jeffrey Davis has been dealing with mental health and suicidality issues and was prevented from aiding the plaintiff. Ryon Reese has long since ceased his assistance, and Willie Davis is often innundated with his own legal matters and has little time to aid the plaintiff. Even so, this motion to recruit counsel should not rest on the ability of the plaintiff to find inmates to help him, or their individual competence, as was held in Henderson v. Ghosh. The most competent inmates in the institution charge for their assistance, and the plaintiff is not able to pay for their services, and if he were, he cannot afford to risk a conduct report, as paying for their help is against the institution's rules.

## CONCLUSION

The plaintiff has shown from his ineptitude to conduct discovery, his inability to file a proper and appropriate complaint, and the lack of prosecution of his claims that he is personally incopetent to litigate the complex claims in his case. Whether or not the claims in this case would be difficult for the average pro se litigant is to the question here, rather it it whether or not he is competent to litigate the claims. With eighth grade academic abilities and a dimished capacity due to mental illness that is not being treated because of retaliation by defendants, he is not competent to litigate this case on his own. He has had extreme difficulty in finding help and even when he has help, he is still not personally competent to litigate the case himself.

It would essentially shut the plaintiff out of court because of his disabilities if he is not aided by the assistance of counsel in his response to the summary judgment motion that is pending anmd at trial. He has conducted essentially no discovery and has not obtained the relevant and necessary documents that are required to prove the case. In many parallel cases this court has aided other plaintiffs in the recruitment of counsel when they have demonstrated the need, and in some of those cases, they have shown less need than the plaintiff in this case has shown.

Accordingly, it is the position of the plaintiff that this court grant this motion for the assistance in the recruitment of counsel. Further, the court should stay any and all deadlines that are pending, including the response deadline for the pending dispositive motion.

Alternatively, plaintiff requests this court to provide plaintiff with a lengthy extension of the discovery deadline as well as the deadline in which he is to provide his response to the defendants' motion for summary judgment. Because the deadlines loom, plaintiff respectfully requests this motion is ruled upon expeditiously.

Dated this ___ day of April, 2016.

Signed:

✗

Arsenio R. Akins #510691
Columbia Correctional Institution
P.O. Box 900
Portage, WI 53901-0900
(608) 742-9100