IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARSENIO R. AKINS,

      Plaintiff,

v.                              Case No. 15-cv-118-bbc

DR. MAIER, et al.,

      Defendants.

---

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Defendants moved for summary judgment on March 4, 2016 and seek dismissal of Plaintiff's claims against them.

Plaintiff Arsenio Akins claims that Dr. Gary Maier, a psychiatrist, was deliberately indifferent to his medical needs and negligent when he discontinued Paroxetine, a psychotropic medication, in June of 2014. Akins believes the "abrupt" discontinuance of the medication caused withdrawal symptoms.

Akins also sued two corrections' officers, Charles Ribbke and Joseph Krasovec, and alleges they violated his constitutional rights by the manner in which they responded to his requests for medical attention (allegedly due to the Paroxetine discontinuance by Dr. Maier) on June 29, 2014 and July 7, 2014. Finally, Akins claims that Ribbke retaliated against him for writing offender complaints

about Ribbke on July 16, 2014 when he conducted a cell search and damaged Akins' personal property.

Akins disputed approximately half of Defendants' Proposed Findings of Fact. Akins' responses to Defendants' Proposed Findings of Fact, and Akins' Proposed Findings of Fact, do not create a genuine dispute of material fact precluding summary judgment. As already demonstrated in Defendants' opening brief, and as clarified below, Akins' claims against Defendants fail as a matter of law.[1]

## I.   Dr. Maier was not deliberately indifferent to Akins' medical needs, nor was he negligent.

Although Akins recites the standards generally applicable to Eighth Amendment claims for medical care, he fails to cite—or even reference—the basic rules underpinning Defendants' motion. First, Akins fails to show that Dr. Maier acted with actual knowledge of an excessive risk to Akins when he discontinued the Paroxetine prescription. Akins fails to establish that he suffered from a serious medical need in the period that he was without the medication. And, Akins admits that any withdrawal symptoms associated with the discontinuation were not

---

[1] Plaintiff's brief cites no specific facts or argument specific to each of his claims against Defendants. Akins also requests additional time to "annotate or supplement" his brief. (Dkt. 55 at 3.) Defendants oppose this request. The Court accepted Akins' June 22, 2016 submissions, which were filed over a week late. The Court had previously granted Akins' request for an extension on May 9, 2016, when the Court issued an Order and set Plaintiff's response date as June 13, 2016. (Dkt. 51.) In the order, the Court noted that no other extensions would be granted, as the Court had also granted Akins' first request to extend the response deadline from April 18, 2016 to May 13, 2016 by Order dated April 19, 2016. (Dkt. 41.) Akins had ample time to prepare response materials, and he filed a brief, his own findings of fact, and several declarations in support of his position. (Dkts. 54-61.)

life-threatening. (Defendants' Replies to Plaintiff's Responses to Defendants' Proposed Findings of Fact,[2] ¶ 29)

Second, Akins cites nothing to rebut the Defendants' argument that Akins does not have a right to choose his treatment in prison. His disagreement with Dr. Maier's decision to discontinue the Paroxetine for a short time before the replacement drug arrived cannot form the basis of a deliberate indifference claim. Courts have consistently held that delay—even if foreseeable—does not equal deliberate indifference. (Defendants' Brief in Support of Summary Judgment, Dkt. 34 at 7.)

Dr. Maier was well-aware that Akins would be without Paroxetine (or an equivalent drug) for a period of days – or even a week – before the new prescription was processed and sent to Columbia Correctional Institution. (Defs' Replies, ¶ 28.) But, Dr. Maier's decision to discontinue the Paroxetine was based upon his professional judgment and experience with Akins, as well as his understanding of Akins' reported symptoms at the time. Akins has no verifiable, substantiated medical evidence that the lack of Paroxetine for five days harmed him.

Akins does not dispute that Dr. Maier first prescribed Paroxetine on February 19, 2014 and that Dr. Maier saw Akins on March 19, April 2, May 28, and June 24. Akins does not dispute that Dr. Maier discontinued the Paroxetine at Akins' request at June 24 after Akins told Dr. Maier that the medication was not helpful and made him feel sick. (Defs' Replies, ¶ 26.)

---

[2] Hereinafter, "Defs' Replies."

The undisputed evidence establishes that Dr. Maier undertook a reasoned course of care and—even though he knew of Akins' history of "medication-seeking" and Adderall abuse—agreed to try different medications in an attempt to treat Akins' depression and anxiety.[3] Akins' claim against Dr. Maier should be dismissed.

**II.    Ribbke and Krasovec were not deliberately indifferent to his medical needs on June 24, 2014 and July 7, 2014.**

Akins' claims against Ribbke and Krasovec should also be summarily dismissed. As noted in Defendants' initial brief, Akins received medical care for his alleged withdrawal symptoms on June 29, 2014 within six hours of reporting the symptoms to Ribbke and Krasovec. Ribbke and Krasovec passed along Akins' complaints on June 29, 2014, and both officers were off duty as of 2:00 p.m. Any delay in treatment or alleged failure of security staff to appreciate an immediate or emergent medical need (if there was one) is not attributable to Ribbke and Krasovec.

Significantly, Akins does not dispute that Ribbke and Krasovec did not believe that Akins suffered from a life-threatening condition on June 29, 2014 such that emergency treatment was necessary. (Defs' Replies, ¶ 48.) He also does not dispute that the officers would have contacted the Health Services Unit and requested assistance in the housing unit or arranged for Akins' immediate transfer to the HSU if they appreciated an emergency situation. (Defs' Replies, ¶ 50.) To survive summary judgment on this claim, Akins must show that the officers knew

---

[3] Akins does not dispute that he has abused Adderall in prison, though he disagrees with Dr. Maier's observation that Akins was "seeking" Adderall in the spring of 2014. (Defs' Replies, ¶ 40.)

that he suffered from a serious medical need and deliberately failed to act. Akins can make no such showing and his case should be dismissed.

Akins' claim related to alleged delay or denial of care on July 7, 2014 is even more incredible. He complained of light-headedness around 11:40 a.m. and was seen in the HSU twenty-five minutes later. (Defs' Replies, ¶ 57, 60.) That Ribbke and Krasovec acted with deliberate indifference to Akins' medical needs on July 7, 2014 is unimaginable.

### III.    Ribbke and Krasovec did not retaliate against Akins for engaging in constitutionally protected speech.

Akins' retaliation claim against Ribbke and Krasovec is also untenable for the reasons stated in the Defendants' initial brief. The timing simply does not make sense or support retaliation claims against either Defendant.

Indeed, any retaliation claim is suspect when the alleged victim – in this case, Akins – states that the Defendants were aware of his multiple complaints against them because Akins would "boldly" go to the area where the offender complaint forms were kept and discuss the substance of the complaints with the alleged "retaliatory" officers themselves. (Defs' Replies, ¶ 53.)

## CONCLUSION

The defendants request that their Motion for Summary Judgment be GRANTED, and that this case be dismissed, with prejudice, in its entirety.

Dated this 5th day of July, 2016.

BRAD D. SCHIMEL
Wisconsin Attorney General


s/Laure Rakvic-Farr
LAURE RAKVIC-FARR
Assistant Attorney General
State Bar #1049540

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0323
(608) 267-8906 (Fax)
rakvic-farrlc@doj.state.wi.us